ELERA HOSIER, ARTHUR DeMOTT AND EVA MAY HANNE-
MAN, PLAINTIFFS, v. GREAT NOTCH CORPORATION,
A BODY CORPORATE OF THE STATE OF NEW JERSEY,
DEFENDANT.

Argued May 1, 1945—Decided August 17, 1945.

Before BROGAN, CHIEF JUSTICE, and Justice PARKER.

For the plaintiffs, *Peter Hofstra.*

For the defendant, *Cox & Walburg* (*William H. D. Cox,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This is a motion to vacate an order making a rule to show cause absolute. The case, an action in trespass in the Supreme Court, was tried before Judge Leyden, a Circuit Court judge, then assigned to Morris County where the venue was laid. After a plaintiffs' verdict defendant was allowed a rule to show cause on the return of which the learned trial judge set aside the jury's verdict *in toto* and ordered a new trial.

We are asked to vacate the rule setting aside the plaintiffs' verdict as an abuse of discretion on the part of the learned trial judge in his appraisal of the weight of evidence; and for the further reason that in determining the matter the court misconceived the pertinent rules of evidence. We

observe parenthetically that there is no merit whatever in either point. As a matter of practice the present application is irregular and should be denied on that ground. The proceeding, in essence, amounts to an appeal from the trial judge's disposition of the rule to show cause. As an appellate proceeding it may not be entertained. *Farmland Dairies* v. *Van Tol*, 132 *N. J. L.* 298; compare *Van Hoogenstyn* v. *Delaware, Lackawanna and Western Railroad*, 90 *Id.* 189.

Under the existing practice, a Circuit Court judge or a judge of Common Pleas has complete power to preside over a Supreme Court issue which has been referred to him for trial, including the signing of the *postea*, although he may not enter a judgment. *R. S.* 2:27–185; compare *McConnell* v. *Alpha Portland Cement Co.*, 74 *N. J. L.* 727. By the statute, *supra*, such trial judge may grant and dispose of a rule to show cause and his judgment is as effectual as if rendered by the Supreme Court. *R. S.* 2:27–189. If his disposition of a rule to show cause has the same effect as if handed down by the Supreme Court (as it has by statute, *supra*) then it follows necessarily that the Supreme Court may not review it by motion to vacate.

Prior to the statute, *supra*, rules to show cause in a Supreme Court issue were returnable before a branch of the Supreme Court. But since that statute, the allowance of such rules and the determination thereof have been entrusted to judges of the Circuit and Common Pleas Courts in cases that have been referred to them. The case of *Key* v. *Paul*, 61 *N. J. L.* 133, upon which the applicant relies, in our view, has no pertinency whatever to the question here under consideration, for the Circuit Court judge in this instance sat for the Supreme Court, and his decision is not subject to the review now sought in the Supreme Court. Compare *Garbett* v. *Mountford*, 70 *Id.* 577; *Wasker* v. *G. R. Wood, Inc.*, 114 *Id.* 266; *O'Donnell* v. *Laggren Bros. Co., Inc.*, 111 *Id.* 319, 322; *Dubelbeiss* v. *West Hoboken*, 81 *Id.* 98, 102. To pursue the comparison further, if the matter in hand were appealable or subject to review, at this juncture (which it is not), appeal lies to the Court of Errors and Appeals (*R. S.* 2:27–351); and if, after final judgment, the disposition of this rule to

show cause had been kept available as an appealable element in the case, our court of last resort would be the tribunal to hear it. The case of *Byers* v. *Weinstein,* 119 *Id.* 207, is not to the contrary. There the Supreme Court set aside certain orders of the trial court which were graphic examples of *coram non judice.* The power of a Circuit Court judge, dealing with a Supreme Court issue, arises wholly from the statute. The action of the trial judge in the Byers case, *supra,* was, in the particulars complained of, entirely extra the statute and therefore possessed of no validity whatever.

The motion is denied, with costs.